GARY M. RESTAINO
United States Attorney
District of Arizona

COLEEN SCHOCH
Georgia Bar No. 366545
PETER S. KOZINETS
Arizona Bar No. 019856
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: coleen.schoch@usdoj.gov
Email: peter.kozinets@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-21-00789-005-PHX-DLR |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Colton Van Moorlehem, | |
| Defendant. | |

The United States agrees with the Presentence Report calculations resulting in a Total Offense Level of 13, Criminal History Category I, and a Guidelines range of 12–18 months' imprisonment for Defendant Colton Van Moorlehem. (PSR ¶ 73.) It has no objections or corrections to the PSR. The United States respectfully recommends a sentence of 12 months and one day's imprisonment, followed by a term of three years' supervised release.

I.      FACTS AND PROCEDURAL HISTORY

In 2021, the grand jury indicted Defendant and others for the following offenses: Conspiracy to Make False Statements in Acquisition of Firearms in violation of 18 U.S.C. § 371 (Count 1); and False Statement in Required Information Kept by a Firearms Dealer in violation of 18 U.S.C. § § 924(a)(1)(A) and 2(a) (Counts 2-5). (Doc. 1.)

In November 2022, Defendant pleaded guilty before a Magistrate Judge to Count 2 pursuant to a written plea agreement. (Doc. 136.)[1] (Doc. 135 at 7.) Defendant admitted that on May 4, 2020, while working at Insight Guns LLC— a licensed firearms dealer required by law to maintain completed ATF Forms 4473 for each of its firearms transactions—he aided Ezequiel Carino in making a false statement on an ATF Form 4473. (Doc. 135 at 6-7.)[2] Specifically, Defendant directed Carino to complete the ATF Form 4473 for a firearm that had been selected and paid for by someone else—Eduardo Ibarra-Moraga. (Doc. 135 at 6.) Defendant knew that Carino was purchasing the firearm for Ibarra-Moraga, and Defendant intended for Carino to report falsely on the ATF Form 4473 that he was not buying the firearm another person's behalf. (Doc. 135 at 7.) Defendant engaged in this conduct intending to facilitate the offense of False Statement During the Purchase of a Firearm, and thereby committed a knowing and willful violation of the Gun Control Act of 1968, as amended (the Act). (Doc. 135 at 7.)

The Magistrate Judge issued Findings and a Recommendation that the Court adopt Defendant's guilty plea. (Doc. 136.) This Court accepted the Defendant's guilty plea and deferred its decision on acceptance of the plea agreement to the time of sentencing. (Doc. 140.)

Insight Guns LLC sold a total of five FN M249 belt-fed semi-automatic rifles in May 2020-March 2021, to Ibarra-Moraga using straw purchasers. (PSR ¶ 23; *see also* PSR ¶¶ 4-23.) Ibarra-Moraga is a Mexican citizen with no legal status in the United States and was therefore a prohibited possessor. The Mexican National Guard later recovered one of these rifles when responding to a shootout in the Mexican state of Sinaloa. (PSR ¶¶ 5, 24.) Defendant aided all five of the illegal transfers to Ibarra-Moraga in some way, either by taking the order or payment from Ibarra-Moraga, agreeing to facilitate the straw purchase,

---

[1] Defendant was not charged in Count 6 of the indictment. (Doc. 1 at 8.)

[2] ATF is an abbreviation for the Bureau of Alcohol, Tobacco, Firearms and Explosives, which is part of the Department of Justice.

completing the ATF Form 4473 and background check with the straw purchaser, and/or transferring the firearms to Ibarra-Moraga. (PSR ¶ 16.)[3] Defendant was the contact for Ibarra-Moraga at Insight Guns, LLC.

When Defendant's role was to complete the paperwork, he forged his step-father's name. He could not explain to ATF why he chose to do so. For example, on December 28, 2020, Defendant knowingly aided another individual, Julian Gonzales, in falsely completing the ATF Form 4473 for a firearm that had been selected and paid for by Ibarra-Moraga. (PSR ¶¶ 7, 9, 16.) Defendant forged his stepfather's name on the form. (PSR ¶ 9.) A receipt from Insight Guns LLC reflected that the rife cost $12,500, which was paid in cash by Ibarra-Moraga. (PSR ¶ 7.) Gonalzes never possessed the rifle. (PSR ¶ 7.)

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

The United States recommends that Defendant receive a sentence of 12 months and one day's imprisonment, followed by a three-year term of supervised release. As calculated in the PSR, Defendant has a Total Offense Level of 13, Criminal History Category I, and a Guidelines range of 12-18 months' imprisonment. (PSR ¶ 73.) In Defendant's written plea agreement, the parties stipulated to a sentencing cap of no more than 12 months and one day of imprisonment. (Doc. 135 at 2.)

### A.    A Sentence of 12 Months and a Day is Appropriate under § 3553(a)

The United States submits that a custodial sentence of 12 months and a day is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

#### 1.    Nature and Circumstances of the Offense

The nature and circumstances of this offense support a prison sentence of one year and a day. 18 U.S.C. § 3553(a)(1). As an employee of Insight Guns LLC, a federal firearms

---

[3] According to the manufacturer's website, "the FN M249S®, a semi-automatic version of the M249 SAW light machine gun, was originally developed by FN Herstal as the FN MINIMI® and adopted by the U.S. military in 1988." https://fnamerica.com/products/rifles/fn-m249s/ (last visited March 1, 2023).

- 3 -

licensee, Defendant sold a semi-automatic rifle to Carino—a person whom he knew was not the true purchaser. He knew that Carino was purchasing the firearm for Ibarra-Moraga, who had selected and paid for the firearm. He intentionally aided Carino in falsely certifying that Carino was the true purchaser on the ATF Form 4473. In so doing, Defendant knowingly and intentionally facilitated the straw purchase of a dangerous semi-automatic weapon to person who would not, or could not, pass an ATF Form 4473 background check on his own.

Defendant's conduct undermined the core purposes of the federal gun control statute. As the Supreme Court has recognized, "the statute establishes an elaborate system to verify a would-be gun purchaser's identity and check on his background" and "requires that the information so gathered go into a dealer's permanent records." *Abramski v. United States*, 573 U.S. 169, 180 (2014). "The twin goals of this comprehensive scheme are to keep guns out of the hands of criminals and others who should not have them, and to assist law enforcement authorities in investigating serious crimes." *Id*. "And no part of that scheme would work if the statute turned a blind eye to straw purchases." *Id*. Yet, by engaging the offense conduct described above, Defendant not only turned a blind eye—he affirmatively and intentionally facilitated the straw purchase of an FN M249 semi-automatic rifle—the civilian version of well-known combat weapon.[4]

Defendant's conduct defeated the public-safety purposes of the Act and justifies a sentence of one-year and a day—the low end of the applicable Guidelines range.

### 2.    Defendant's History and Characteristics

Defendant's history and characteristics also weigh in favor of a low-end prison sentence. The United States is sympathetic to the personal circumstances and lack of a criminal record highlighted in Defendant's sentencing memorandum. (Doc. 163.) The United States respectfully submits that sentencing Defendant to the low end of the

---

[4] https://en.wikipedia.org/wiki/M249_light_machine_gun (last visited Mar. 1, 2023.)

- 4 -

Guidelines range adequately accounts for his history and characteristics in the context of assessing the other § 3553(a) factors discussed in this memorandum.

### 3.    Seriousness of the Offense

Under § 3553(a)(2)(A), the sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. As discussed above, Defendant abandoned his role as a gatekeeper of federal firearms safeguards and knowingly facilitated the purchase of semi-automatic rifles to straw purchasers. His sentence must reflect the seriousness of this conduct, including the negative impact that straw purchasing has on public safety and society as a whole.

The United States notes that the Probation Office has recommended a prison sentence of six months (PSR at 19-20), but respectfully submits that a sentence of 12 months and a day is warranted here. A sentence of 12 months and one day's imprisonment properly reflects the gravity of Defendant's offense conduct, promotes respect for the law, and provides just punishment for the offense, without being greater than necessary.

The United States' requested sentence would also avoid unwarranted sentencing disparities and provide adequate consideration for each participant's culpability and role in the crime. Ibarra-Moraga, a citizen of Mexico, recruited several straw purchasers, including Carino. (PSR ¶ 24.) In October 2022, after pleading guilty to Count 2, he was sentenced to 24 months in custody and three years' supervised release. On the end of the spectrum, Carino purchased two rifles on Ibarra-Moraga's behalf, including the firearm in Count 2, and was paid $100 to $200 plus food for each transaction. (PSR ¶ 27.) He admitted that he believed that Ibarra-Moraga was from Mexico. (PSR ¶ 27.) In September 2022, after pleading guilty to Count 2, Carino was sentenced to 36 months' probation.

Defendant's culpability falls between Ibarra-Moraga's and Carino's. Defendant is a 50% owner of Insight Guns LLC. His step-father was the responsible person on the federal firearms license. (PSR ¶ 25.) During in the investigation, Defendant admitted to having significant responsibility over the firearms sales, despite not being identified as a responsible person on the license. Defendant knowingly assisted Ibarra-Moraga's recruits

to falsely complete false ATF Form 4473s. He knowingly ran the required background checks on people who were not the true purchasers. He then knowingly transferred the semi-automatic rifles to Ibarra-Moraga, a prohibited possessor. (PSR ¶ 25.) Insight Guns LLC, and therefore Defendant as 50% owner, profited financially from each of these transactions. (PSR ¶ 25.) By so doing, Defendant breached the public trust that the Act confers on licensed firearms dealers and undermined the statute's public-safety protections. In these circumstances, the United States' proposed sentence is sufficient, but not greater than necessary, to further purposes of § 3553(a).

### 4.    Adequate Deterrence

Under § 3553(a)(2)(B), the sentence must "afford adequate deterrence to criminal conduct." Defendant's sentence must be sufficient to deter Defendant and other federal firearms licensees and their employees from knowingly and intentionally aiding straw purchasers in undermining the Act. A sentence of 12 months and a day's imprisonment is sufficient but not greater than necessary to do so.

### 5.    Protecting the Public

Section 3553(a)(2)(C) also requires the Court to consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. In evaluating this factor, the Court should give significant consideration to the negative impact that Defendant's conduct has had on the citizen of Arizona and of Mexico. Based on Defendant's conduct and the goals of the Gun Control Act, the United States believes that a sentence of 12 months and a day's imprisonment is sufficient but not greater than necessary to protect the public from Defendant's future crimes.

### 6.    Providing Needed Correctional Treatment

Finally, pursuant to § 3553(a)(2)(D), the Court must consider the need for the sentence imposed to provide Defendant with necessary and effective educational or vocational training, medical care, or other correctional treatment. Defendant did not complete high school, and he could obtain additional education while in prison. While is his currently employed at a car dealership, additional educational attainment could provide

him with further educational and employment opportunities in the future and reduce the likelihood of him continuing to engage in illegal conduct.

**B.      A 3-Year Term of Supervised Release is Appropriate under § 3583(c)**

The United States recommends that Defendant be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense. *See* 8 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1)). It is also necessary to protect the public from further crimes by Defendant, to deter his from committing additional crimes in the future, and to assist in his rehabilitation. *See id.* (referencing 18 U.S.C. § 3553(a)(2)).

**III.      CONCLUSION**

The United States recommends that Defendant receive a sentence of 12 months and one day's imprisonment followed by a three-year term of supervised release.

Respectfully submitted this 3rd day of March, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Coleen Schoch*
COLEEN SCHOCH
PETER S. KOZINETS
Assistant U.S. Attorneys

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of March, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John K. Dosdall, *Attorney for defendant*

*s/ Coleen Schoch*
U.S. Attorney's Office