GARY M. RESTAINO
United States Attorney
District of Arizona

PETER S. KOZINETS
Arizona Bar No. 019856
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: peter.kozinets@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>            Plaintiff,<br><br>     vs.<br><br>Robert Wayne Garrard,<br><br>            Defendant. | No. CR-21-00789-005-PHX-DLR<br><br>**UNITED STATES'**<br>**SENTENCING MEMORANDUM** |
|---|---|

The United States agrees with the Presentence Report calculations resulting in a Total Offense Level of 13, Criminal History Category I, and a Guidelines range of 12-18 months' imprisonment for Defendant Robert Wayne Garrard. Doc. 202 (PSR) ¶ 73. It has no objections or corrections to the PSR. The United States respectfully recommends a sentence of four years' probation—which the PSR also recommends. PSR at 19-20.

I.    **FACTS AND PROCEDURAL HISTORY**

In 2021, the grand jury indicted Defendant and others for Conspiracy to Make False Statements in Acquisition of Firearms in violation of 18 U.S.C. § 371 (Count 1), and False Statement in Required Information Kept by a Firearms Dealer in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2(a) (Counts 2-5). Doc. 1.

In April 2023, Defendant pleaded guilty before a Magistrate Judge to Count 6 pursuant to a written plea agreement. Doc. 192. Defendant admitted that on March 6, 2021, while working at Insight Guns LLC—a licensed firearms dealer required by law to

maintain completed ATF Forms 4473 for each of its firearms transactions—he aided Juan Carlos Gonzalez (Juan Carlos) in making a false statement on an ATF Form 4473. Doc. 179 at 6-7.[1] Defendant directed Juan Carlos to complete the ATF Form 4473 for a firearm that had been selected and paid for by someone else—Eduardo Ibarra-Moraga. Doc. 179 at 6-7. Defendant knew Juan Carlos was purchasing the firearm for Ibarra-Moraga, and he intended for Juan Carlos to report falsely on the ATF Form 4473 that he was not buying the firearm on another person's behalf. Doc. 179 at 7. Defendant did this intending to facilitate the offense of False Statement During the Purchase of a Firearm, and thereby knowingly and willfully violated the Gun Control Act of 1968, as amended (the Act). Doc. 179 at 7.

The Magistrate Judge issued Findings and a Recommendation that the Court adopt Defendant's guilty plea. Doc. 193. This Court accepted the guilty plea and deferred its decision on acceptance of the plea agreement to the time of sentencing. Doc. 194.

The PSR includes the following additional facts. Defendant was the owner and operator of Insight Guns LLC (Insight Guns). PSR ¶ 26. Insight Guns sold a total of five FN M249 belt-fed semi-automatic rifles in May 2020-March 2021 to Ibarra-Moraga using straw purchasers. PSR ¶ 23; *see also* PSR ¶¶ 4-23. Ibarra-Moraga is a Mexican citizen with no legal status in the United States and was therefore a prohibited possessor. PSR ¶ 24. The Mexican National Guard later recovered one of these rifles when responding to a shootout in the Mexican state of Sinaloa. PSR ¶¶ 5, 24.

Defendant assisted in processing the straw purchasing of rifles. PSR ¶ 26. Insight Guns benefited financially from Ibarra-Moraga's scheme, as Insight Guns profited from each rifle transaction. PSR ¶ 26.

Defendant admitted that he handled the sale of a rifle to Julian Gonzalez on March 6, 2021. PSR ¶¶ 8-9. On that day, Julian went to Insight Guns and filled out an ATF Form

---

[1] ATF is an abbreviation for the Bureau of Alcohol, Tobacco, Firearms and Explosives, which is part of the Department of Justice. This memorandum discusses two individuals with the same last name—Juan Carlos Gonzales and Julian Gonzalez. They are not related.

4473 for the purchase of the rifle. PSR ¶ 8. Julian took possession of the rifle but did not pay for it. PSR ¶ 8. A receipt from Insight Guns reflected that the rifle cost $13,000, which was paid in cash by Ibarra-Moraga. PSR ¶ 8. Defendant admitted that Ibarra-Moraga took possession of the firearm purchased by Julian. PSR ¶ 9.

The same day, a different individual, Juan Carlos Gonzalez, went to Insight Guns on Ibarra-Moraga's behalf, filled out the ATF Form 4473, and cleared the background check. PSR ¶ 12. On the form, he falsely asserted he was not buying the firearm on behalf of another person. PSR ¶ 12. Juan Carlos left without the rifle. PSR ¶ 12. As Defendant admitted in his plea agreement, Defendant had directed Juan Carlos to complete the ATF Form 4473 for the rifle, which had been selected and paid for by Ibarra-Moraga. Doc. 179 at 6-7. Defendant knew that Juan Carlos was purchasing the firearm for Ibarra-Moraga, and Defendant intended for Juan Carlos to report falsely on the ATF Form 4473 that he was not buying the firearm on another person's behalf. Doc. 179 at 7.

During the course of Ibarra-Moraga's scheme, Defendant's stepson, Colton Van Moorlehem, handled three similar straw purchasing transactions. PSR ¶¶ 9, 14, 21, 25. In April 2021, Defendant and Van Moorlehem voluntarily surrendered their federal firearms license and admitted that they aided Ibarra-Moraga when they allowed him to use individuals to straw purchase firearms for a profit. PSR ¶ 16. Defendant and Van Moorlehem abandoned several firearms, and allowed agents to retain 17 firearm silencers until the could be sold or transferred to another federal firearms licensee. PSR ¶ 16.

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

The United States recommends that Defendant receive a sentence of four years of probation. As calculated in the PSR, Defendant has a Total Offense Level of 13, Criminal History Category I, and a Guidelines range of 12-18 months' imprisonment. PSR ¶ 73. In Defendant's written plea agreement, the United States agreed to recommend a sentence of probation. Doc. 179 at 2, ¶ 3a.

- 3 -

**A.      A Sentence of Four Years of Probation Is Appropriate under § 3553(a)**

The United States submits that a term of probation of four years is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

**1.      Nature and Circumstances of the Offense**

The nature and circumstances of this offense supports a probation sentence of four years. 18 U.S.C. § 3553(a)(1). As the owner and operator of Insight Guns, a federal firearms licensee, Defendant sold a semi-automatic rifle to Juan Carlos Gonzalez—whom he knew was not the true purchaser. Defendant knew that Juan Carlos was purchasing the firearm for Ibarra-Moraga, who had selected and paid for the firearm. Defendant intentionally aided Juan Carlos in falsely certifying that he (Juan Carlos) was the true purchaser on the ATF Form 4473. In so doing, Defendant knowingly and intentionally facilitated the straw purchase of a dangerous semi-automatic firearm to a person who would not, or could not, pass an ATF Form 4473 background check on his own.

Defendant's conduct undermined the core purposes of the federal gun control statute. "The statute establishes an elaborate system to verify a would-be gun purchaser's identity and check on his background" and "requires that the information so gathered go into a dealer's permanent records." *Abramski v. United States*, 573 U.S. 169, 180 (2014). "The twin goals of this comprehensive scheme are to keep guns out of the hands of criminals and others who should not have them, and to assist law enforcement authorities in investigating serious crimes." *Id*. "And no part of that scheme would work if the statute turned a blind eye to straw purchases." *Id*. Yet, by engaging in the offense conduct described above, Defendant not only turned a blind eye—he affirmatively and intentionally facilitated the straw purchase of an FN M249 semi-automatic rifle—the civilian version of a well-known combat weapon.[2]

As a licensed firearms dealer, Defendant was a gatekeeper between the firearms he sold and prohibited possessors like Ibarra-Moraga. Defendant's conduct defeated the public-safety purposes of the Act.

---

[2] https://en.wikipedia.org/wiki/M249_light_machine_gun (last visited July 12, 2023).

- 4 -

### 2.    Defendant's History and Characteristics

Defendant's history and characteristics support varying downward from the Guidelines sentencing range of 12-18 months. Defendant is 61 years old, and he has no history of violence and no criminal history (other than the instant offense).

According to the PSR, Defendant performed well while on pretrial release, remained employed, and has the support of his family. PSR at 20. He lives with his wife and Van Moorlehem's son, who is 17 months old, whom he and his wife are currently supporting financially. PSR ¶ 58. The PSR states that Defendant appears to pose a low risk to reoffend and to the public. PSR at 20.

Defendant faces numerous and serious health challenges dating back to 2012, and he continues to deal with an array of medical problems as detailed in the PSR. *See* PSR ¶¶ 60-63. Defendant's health issues, medications, and other medical care related challenges, combined with his age, support the PSR's recommended term of probation.

The United States is sympathetic to Defendants' personal circumstances, health challenges, and lack of a criminal record. The United States respectfully submits that sentencing Defendant to a below-Guidelines sentence of four years' probation adequately accounts for his history and characteristics in the context of assessing the other § 3553(a) factors discussed in this memorandum.

### 3.    Seriousness of the Offense

Under § 3553(a)(2)(A), the sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. As discussed above, Defendant abandoned his role as a gatekeeper of federal firearms safeguards and knowingly facilitated the purchase of semi-automatic rifles to straw purchasers. His sentence must reflect the seriousness of this conduct, including the negative impact that straw purchasing has on public safety and society as a whole.

The United States notes that the Probation Office has recommended a probation term of four years, and the United States agrees with that recommendation. PSR at 19-20. A sentence of four years of probation properly reflects the gravity of Defendant's offense

conduct, promotes respect for the law, and provides just punishment for the offense, without being greater than necessary.

The United States' requested sentence would also avoid unwarranted sentencing disparities and provide adequate consideration for each participant's culpability and role in the crime. Ibarra-Moraga, a citizen of Mexico, recruited the straw purchasers in this case. *See* PSR ¶ 24. In October 2022, after pleading guilty to Count 2, he was sentenced to 24 months in custody and three years' supervised release. Doc. 130.

Defendant's stepson and co-defendant, Van Moorlehem, received a sentence of five months' custody. PSR at 20. Van Moorlehem's conduct was more egregious and involved than Defendant's. PSR at 20. Van Moorlehem admitted to having significant responsibility over the firearms sales, despite not being identified as a responsible person on the license. Doc. 166 at 5-6. The scheme began after Ibarra-Moraga approached Van Moorlehem and enlisted his support; Van Moorlehem personally knew one of the straw purchasers; and Van Moorlehem forged Defendant's name on an ATF Form 4473 during one of the transactions. PSR at 20. It appears Van Moorlehem spurred Defendant's involvement in the offense. PSR at 20.

On the other end of the spectrum, another co-defendant, Ezequiel Carino, bought two rifles on Ibarra-Moraga's behalf, and was paid $100 to $200 plus food for each transaction; he admitted that he believed that Ibarra-Moraga was from Mexico. PSR ¶ 27. In September 2022, after pleading guilty to Count 2, Carino was sentenced to 36 months' probation. Doc. 116.

Defendant's conduct was less involved than Van Moorlehem's, but more serious than Carino's. Based on these considerations, the United States respectfully submits that a sentence of less than five months' imprisonment, but more than three years' probation, is necessary to avoid a sentencing disparity. *See* PSR at 20.

### 4.    Adequate Deterrence

Under § 3553(a)(2)(B), Defendant's sentence must be sufficient to deter Defendant and other federal firearms licensees and their employees from knowingly and intentionally

aiding straw purchasers in undermining the Act. A sentence of four years' probation is sufficient but not greater than necessary to do so. Should Defendant violate his probation terms, he could receive a sentence equivalent to the statutory maximum for this offense, including a maximum term of imprisonment of five years.

### 5.    Protecting the Public

Section 3553(a)(2)(C) also requires the Court to consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. Defendant has been on pretrial release successfully for about two years, remained employed, and has the support of his family. PSR at 20. These factors "greatly reduce his risk of recidivism," and "[i]t appears he poses a low risk to reoffend and to the public." PSR at 20. Balancing these factors against the seriousness of his offense conduct, the goals of the Gun Control Act, and the safeguards that probation will afford, the United States believes that a sentence of four years' probation is sufficient but not greater than necessary to protect the public from Defendant's future crimes.

### 6.    Providing Needed Correctional Treatment

The Court also must consider the need for the sentence imposed to provide Defendant with necessary and effective educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2)(D). Defendant is a 61 year old businessman who has remained employed during the pendency of this case. A sentence of probation will allow him to continue to work and support his family, while also ensuring that he will be held accountable by the requirements placed on him by probation.

### III.    CONCLUSION

The United States agrees with the PSR's recommendation that Defendant receive a sentence of four years of probation.

Respectfully submitted this 13th day of July, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Peter S. Kozinets*
PETER S. KOZINETS
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th of July, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Myles Albert Schneider, *Attorney for defendant*

*s/Brian Wolfe*
U.S. Attorney's Office