GARY M. RESTAINO
United States Attorney
District of Arizona

PETER S. KOZINETS
Arizona Bar No. 019856
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: peter.kozinets@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-21-00789-003-PHX-DLR |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Julian Gonzalez, | |
| Defendant. | |

The United States agrees with the Presentence Report calculations resulting in a Total Offense Level of 12, Criminal History Category I, and a Guidelines range of 10–16 months' imprisonment for Defendant Julian Gonzalez. Doc. 175 (PSR) ¶ 62. It has no objections or corrections to the PSR. The United States respectfully recommends a sentence of three years of probation—which the PSR also recommends. PSR at 17-18.

I.     **FACTS AND PROCEDURAL HISTORY**

In 2021, the grand jury indicted Defendant and others for the following offenses: Conspiracy to Make False Statements in Acquisition of Firearms in violation of 18 U.S.C. § 371 (Count 1); and False Statement in Required Information Kept by a Firearms Dealer in violation of 18 U.S.C. § § 924(a)(1)(A) and 2(a) (Counts 4-5). Doc. 1.

In July 2022, Defendant pleaded guilty before a Magistrate Judge to Count 4 pursuant to a written plea agreement. Docs. 83, 85. Defendant admitted that on December 28, 2020, he purchased a firearm at Insight Guns LLC— a licensed firearms dealer required

by law to maintain completed ATF Forms 4473 for each of its firearms transactions. Doc. 83 at 6. He admitted that, at the time of the purchase, he falsely reported on the Form 4473 that he was not buying the firearm on behalf of another person, when in fact he knew that he was purchasing the firearm on behalf of Eduardo Ibarra-Moraga. Doc. 83 at 6.[1]

The Magistrate Judge issued Findings and a Recommendation that the Court adopt Defendant's guilty plea. Doc. 85. This Court accepted the Defendant's guilty plea and deferred its decision on acceptance of the plea agreement to the time of sentencing. Doc. 95.

The PSR contains the following additional facts. Defendant met Ibarra-Moraga at a house party in Mesa, Arizona, and they exchanged Snapchat information with each other. PSR ¶ 7. One week later, Ibarra-Moraga posted on Snapchat asking if anyone wanted to make some money. PSR ¶ 7. Defendant responded, and Ibarra-Moraga asked Defendant to purchase a gun for him. PSR ¶ 7. Defendant met Ibarra-Moraga near Insight Guns, where Ibarra-Moraga provided instructions. PSR ¶ 7.

On December 28, 2020, Defendant went to Insight Guns LLC where he filled out an ATF Form 4473 for the purchase of a rifle; on the form, he falsely asserted he was not buying the firearm on behalf of another person. PSR ¶ 7. After Defendant's background cleared, an employee told him that he was done and "Eddy" would be by later to pick up the rifle. PSR ¶ 7. Ibarra-Moraga later paid Julian $500.

A receipt from Insight Guns reflected the rifle cost $12,500, which Ibarra-Moraga paid in cash. PSR ¶ 7. The Mexican National Guard later recovered the rifle when responding to a shootout in the Mexican state of Sinaloa. PSR ¶ 5, 24. The rifle, as recovered, had a partially obliterated serial number. PSR ¶ 6.

---

[1] ATF is an abbreviation for the Bureau of Alcohol, Tobacco, Firearms and Explosives, which is part of the Department of Justice.

In March 2021, Ibarra-Moraga contacted Defendant via Snapchat about the purchase of a second firearm. PSR ¶ 8. On March 6, 2021, Defendant went to Insight Guns and filled out an ATF Form 4473 for the purchase of a rifle. PSR ¶ 8. Defendant took possession of the rifle but did not pay for it. PSR ¶ 8. Defendant took the rifle to Ibarra-Moraga, who paid Defendant another $500. PSR ¶ 8. A receipt from Insight Guns showed that Ibarra-Moraga had paid $13,000 in cash for the rifle. PSR ¶ 8.

Defendant believed, correctly, that Ibarra-Moraga was a Mexican citizen with no legal status in the United States. PSR ¶ 6. Ibarra-Moraga asked Defendant to transport firearms to Mexico, and offered to pay him $3,000. PSR ¶ 6. Julian declined. PSR ¶ 6.

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

The United States recommends that Defendant receive a sentence of 3 years of probation. As calculated in the PSR, Defendant has a Total Offense Level of 12, Criminal History Category I, and a Guidelines range of 10-16 months' imprisonment. PSR ¶ 62. In Defendant's written plea agreement, the parties stipulated to a sentencing cap of no more than 12 months and one day of imprisonment. Doc. 135 at 2.

### A.    A Sentence of Three Years of Probation is Appropriate under § 3553(a)

The United States submits that a sentence of three years of probation is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

#### 1.    Nature and Circumstances of the Offense

The nature and circumstances of this offense support a sentence of three years of probation. 18 U.S.C. § 3553(a)(1). Defendant purchased a firearm for Ibarra-Moraga and falsely reported on the ATF Form 4473 that he was not buying the rifle for someone else. Defendant believed, correctly, that Ibarra-Moraga was a Mexican national with no legal status to be in the United States. Defendant did this for money, and was paid $500. Defendant knowingly and intentionally made a false certification on the ATF Form 4473. While Defendant never handled the rifle, it was recovered after the Mexican National Guard responded to a shootout in the Mexican state of Sinola.

Defendant's conduct undermined the purposes of the federal gun control statute. As the Supreme Court has recognized, "the statute establishes an elaborate system to verify a would-be gun purchaser's identity and check on his background" and "requires that the information so gathered go into a dealer's permanent records." *Abramski v. United States*, 573 U.S. 169, 180 (2014). "The twin goals of this comprehensive scheme are to keep guns out of the hands of criminals and others who should not have them, and to assist law enforcement authorities in investigating serious crimes." *Id*. "And no part of that scheme would work if the statute turned a blind eye to straw purchases." *Id*. Yet, by engaging the offense conduct described above, Defendant acted as a straw purchaser of an FN M249 semi-automatic rifle.[2]

Defendant's conduct defeated the public-safety purposes of the Act and justifies a sentence of three years' probation, for these and other reasons discussed in this memorandum.

### 2.    Defendant's History and Characteristics

Defendant's history and characteristics weigh in favor of a downward variance from the Guidelines sentencing range. Defendant committed this offense when he was 18 years old, and he acknowledged his involvement in the offense and the grave lapse in judgment that led to his participation. PSR at 17-18. He has no history of violence, and no other criminal history. PSR ¶¶ 42-48. He has maintained employment, and in April 2021 he became the manager of a new Little O Tires store. PSR ¶ 58. He is working towards completing his high school education. PSR ¶ 56. He has preformed well under pretrial supervision, and has the support of his family. PSR at 18. As the PSR reports, "[D]efendant's lack of prior criminal history and violence, and his lack of mental health and substance abuse issues, indicate he poses a low risk to the public and to reoffend." PSR at 18. At the same, the PSR indicates that Defendant would likely benefit from cognitive behavioral treatment as "the best means to help [him] develop good decision-making

---

[2] https://en.wikipedia.org/wiki/M249_light_machine_gun (last visited July 12, 2023.)

skills," and that such treatment "will likely reduce his risk of recidivisum more so than a custody sentence." PSR at 18.

The United States respectfully submits that sentencing Defendant to three years of probation adequately accounts for his history and characteristics in the context of assessing the other § 3553(a) factors discussed in this memorandum.

### 3.   Seriousness of the Offense

Under § 3553(a)(2)(A), the sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. As discussed above, Defendant straw purchased a dangerous firearm on two occassions. His sentence must reflect the seriousness of this conduct, including the negative impact that straw purchasing has on public safety and society as a whole.

The United States agrees with the Probation Office that a sentence of three years of probation is warranted here. PSR at 17-18. A sentence of three years of probation properly reflects the gravity of Defendant's offense conduct, promotes respect for the law, and provides just punishment for the offense, without being greater than necessary.

The United States' requested sentence would also avoid unwarranted sentencing disparities and provide adequate consideration for each participant's culpability and role in the crime. Ibarra-Moraga, a citizen of Mexico, recruited the straw purchasers in this case. *See* PSR ¶ 24. In October 2022, after pleading guilty to Count 2, he was sentenced to 24 months in custody and three years' supervised release. Doc. 130.

Co-defendant Colton Van Moorlehem, an employee of Insight Guns and the stepson of Insight Guns' owner, received a sentence of five months' custody. Doc. 171. Van Moorlehem admitted to having significant responsibility over Insight Guns' firearms sales, despite not being identified as a responsible person on the license. Doc. 166 at 5-6. The scheme began after Ibarra-Moraga approached Van Moorlehem and enlisted his support; Van Moorlehem personally knew one of the straw purchasers; and Van Moorlehem forged his stepfather's name on an ATF Form 4473 during one of the transactions. Doc. 202 at 20.

It appears Van Moorlehem spurred his stepfather's involvement in the offense. Doc. 202 at 20.

On the other end of the spectrum, another co-defendant, Ezequiel Carino, bought two rifles on Ibarra-Moraga's behalf, and was paid $100 to $200 plus food for each transaction; he admitted that he believed that Ibarra-Moraga was from Mexico. PSR ¶ 27. In September 2022, after pleading guilty to Count 2, Carino was sentenced to 36 months' probation. Doc. 116.

Defendant's conduct is nearly identical to Carino's. Both defendants purchased firearms for Ibarra-Moraga on two separate occasions, and both were paid money for these straw purchases. While Defendant was paid a total of $1,000, and Carino received a total of no more than $400, their conduct was substantially the same.

Based on these considerations, the United States respectfully submits that a sentence of three years of probation is necessary to avoid a sentencing disparity.

### 4.    Adequate Deterrence

Under § 3553(a)(2)(B), the sentence must "afford adequate deterrence to criminal conduct." Defendant's sentence must be sufficient to deter Defendant and other straw purchasers from knowingly and intentionally undermining the Act. The United States agrees with the PSR that a sentence of three years of probation is sufficient but not greater than necessary to do so. *See* PSR at 18.

### 5.    Protecting the Public

Section 3553(a)(2)(C) also requires the Court to consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. In evaluating this factor, the Court should give significant consideration to the negative impact that Defendant's conduct has had on the citizens of Arizona and Mexico. Based on Defendant's conduct and the goals of the Gun Control Act, and the other factors discussed in this memorandum, the United States believes that a sentence of three years of probation is sufficient but not greater than necessary to protect the public from Defendant's future crimes.

- 6 -

**6.      Providing Needed Correctional Treatment**

Finally, pursuant to § 3553(a)(2)(D), the Court must consider the need for the sentence imposed to provide Defendant with necessary and effective educational or vocational training, medical care, or other correctional treatment. The Probation Office has recommended that Defendant would benefit from cognitive behavioral treatment to help him develop good decision-making skills, and Defendant could obtain such treatment on probation. *See* PSR at 18.

**III.      CONCLUSION**

The United States recommends that Defendant receive a sentence of three years of probation.

Respectfully submitted this 13th day of July, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Peter S. Kozinets*
PETER S. KOZINETS
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of July, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

John W. Blischak
Andrew J. Blischak
*Attorneys for defendant*


*sBrian Wolfe*
U.S. Attorney's Office