GARY M. RESTAINO
United States Attorney
District of Arizona

PETER S. KOZINETS
Arizona Bar No. 019856
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: peter.kozinets@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Juan Carlos Gonzalez,<br><br>Defendant. | No. CR-21-00789-004-PHX-DLR<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |
| --- | --- |

The United States agrees with the Presentence Report calculations resulting in a Total Offense Level of 12, Criminal History Category I, and a Guidelines range of 10–16 months' imprisonment for Defendant Juan Carlos Gonzalez. Doc. 119 (PSR) ¶ 68. It has no objections or corrections to the PSR. The United States respectfully recommends a sentence of two years of probation.

I.      **FACTS AND PROCEDURAL HISTORY**

In 2021, the grand jury indicted Defendant and others for the following offenses: Conspiracy to Make False Statements in Acquisition of Firearms in violation of 18 U.S.C. § 371 (Count 1); and False Statement in Required Information Kept by a Firearms Dealer in violation of 18 U.S.C. § § 924(a)(1)(A) and 2(a) (Count 6). Doc. 1.

In July 2022, Defendant pleaded guilty before a Magistrate Judge to Count 6 pursuant to a written plea agreement. Docs. 88, 90. Defendant admitted that on March 6, 2021, he purchased a firearm at Insight Guns LLC— a licensed firearms dealer required

by law to maintain completed ATF Forms 4473 for each of its firearms transactions. Doc. 90 at 7. He admitted that, at the time of the purchase, he falsely reported on the Form 4473 that he was not buying the firearm on behalf of another person, when in fact he knew that he was purchasing the firearm on behalf of Eduardo Ibarra-Moraga. Doc. 90 at 7.[1]

The Magistrate Judge issued Findings and a Recommendation that the Court adopt Defendant's guilty plea. Doc. 91. This Court accepted the Defendant's guilty plea and deferred its decision on acceptance of the plea agreement to the time of sentencing. Doc. 97.

The PSR contains the following additional facts. Defendant met Ibarra-Moraga at a house party in Mesa, Arizona. PSR ¶ 12. Ibarra-Moraga told Defendant that he was from Mexico. PSR ¶ 12. Ibarra-Moraga recruited Defendant to purchase firearms. PSR ¶ 12. On March 6, 2021, Defendant went to Insight Guns on Ibarra-Moraga's behalf, filled out the ATF Form 4473, and cleared the background check. PSR ¶ 12. Defendant falsely asserted that he was not buying the firearm on behalf of another person. PSR ¶ 12. An employee told Defendant that the process was complete and that he could leave. PSR ¶ 12. Defendant left without the rifle, and he later met Ibarra-Moraga, who paid him $800. PSR ¶ 12. Defendant later told agents that Ibarra-Moraga paid $14,500 for the rifle. PSR ¶ 12.

## II.   UNITED STATES'S SENTENCING RECOMMENDATION

The United States recommends that Defendant receive a sentence of two years of probation. As calculated in the PSR, Defendant has a Total Offense Level of 12, Criminal History Category I, and a Guidelines range of 10-16 months' imprisonment. PSR ¶ 68. In Defendant's written plea agreement, the parties stipulated to defer Defendants' sentencing for a period of two years (Deferred Sentencing Stipulation), with the U.S. Attorney's Office agreeing to dismiss the indictment as to this Defendant at the end of the two-year deferral period—but only if he satisfied all of the requirements of the Deferred Sentencing

---

[1] ATF is an abbreviation for the Bureau of Alcohol, Tobacco, Firearms and Explosives, which is part of the Department of Justice.

Stipulation. Doc. 90 at 2-3. On May 8, 2023, Pretrial Services filed a violation report regarding Defendant's April 28, 2023 drug test, which was positive for cocaine. Doc. 196. Defendant admitted to his use when confronted. Doc. 196. Based on the violation, the United States filed a request to accelerate Defendant's sentencing, which the parties have fully briefed. Docs. 197, 201, 203.

### A.    A Sentence of Two Years of Probation Is Appropriate Under § 3553(a)

The United States submits that a sentence of two years of probation is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

The nature and circumstances of this offense support a sentence of two years of probation. 18 U.S.C. § 3553(a)(1). Defendant purchased a firearm for Ibarra-Moraga and falsely reported on the ATF Form 4473 that he was not buying the rifle for someone else. Defendant believed, correctly, that Ibarra-Moraga was a Mexican national with no legal status to be in the United States. Defendant did this for money, and was paid $800. Defendant knowingly and intentionally made a false certification on the ATF Form 4473.

Defendant's conduct undermined the purposes of the federal gun control statute. As the Supreme Court has recognized, "the statute establishes an elaborate system to verify a would-be gun purchaser's identity and check on his background" and "requires that the information so gathered go into a dealer's permanent records." *Abramski v. United States*, 573 U.S. 169, 180 (2014). "The twin goals of this comprehensive scheme are to keep guns out of the hands of criminals and others who should not have them, and to assist law enforcement authorities in investigating serious crimes." *Id*. "And no part of that scheme would work if the statute turned a blind eye to straw purchases." *Id*. Yet, by engaging the offense conduct described above, Defendant acted as a straw purchaser of an FN M249 semi-automatic rifle.[2]

Defendant's conduct defeated the public-safety purposes of the Act and justifies a

---

[2] https://en.wikipedia.org/wiki/M249_light_machine_gun (last visited July 12, 2023.)

- 3 -

sentence of two years' probation, for these and other reasons discussed in this memorandum.

### 2.    Defendant's History and Characteristics

Defendant's history and characteristics weigh in favor of a downward variance from the Guidelines sentencing range. Defendant committed this offense when he was 25 years old, and while he first denied involvement, he later admitted his offense conduct. PSR ¶ 12. He has no history of violence, and no other criminal history. PSR ¶¶ 44-49. He has maintained employment. PSR ¶ 64. He has the support of his mother and stepfather, but they have indicated that they are disappointed in his behavior as they expected more from him. PSR ¶ 56.

Despite receiving the benefit of the Deferred Sentencing Stipulation in his plea agreement, Defendant tested positive for cocaine in April 2023, and admitted using that substance. Doc. 196. This violated a clear term of his release that he not use or possess a narcotic drug or other controlled substance. Doc. 196; *see also* Doc. 44 at 1; Doc. 90 at 3. In addition, Pretrial Services has expressed concern in the past about Defendant's failure to agree to report promptly for drug testing. Doc. 203 at 4. Defendant is now undergoing outpatient drug treatment, and continues to be involved in drug testing.

The United States respectfully submits that sentencing Defendant to two years of probation adequately accounts for his history and characteristics in the context of assessing the other § 3553(a) factors discussed in this memorandum.

### 3.    Seriousness of the Offense

Under § 3553(a)(2)(A), the sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. As discussed above, Defendant straw purchased a dangerous firearm. His sentence must reflect the seriousness of this conduct, including the negative impact that straw purchasing has on public safety and society as a whole.

A sentence of two years of probation properly reflects the gravity of Defendant's offense conduct, promotes respect for the law, and provides just punishment for the offense, without being greater than necessary.

The United States' requested sentence would also avoid unwarranted sentencing disparities and provide adequate consideration for each participant's culpability and role in the crime. Ibarra-Moraga, a citizen of Mexico, recruited the straw purchasers in this case. *See* PSR ¶ 24. In October 2022, after pleading guilty to Count 2, he was sentenced to 24 months in custody and three years' supervised release. Doc. 130.

Co-defendant Colton Van Moorlehem, an employee of Insight Guns and the stepson of Insight Guns' owner, received a sentence of five months' custody. Doc. 171. Van Moorlehem admitted to having significant responsibility over Insight Guns' firearms sales, despite not being identified as a responsible person on the license. Doc. 166 at 5-6. The scheme began after Ibarra-Moraga approached Van Moorlehem and enlisted his support; Van Moorlehem personally knew one of the straw purchasers; and Van Moorlehem forged his stepfather's name on an ATF Form 4473 during one of the transactions. Doc. 202 at 20. It appears Van Moorlehem spurred his stepfather's involvement in the offense. Doc. 202 at 20.

On the other end of the spectrum, another co-defendant, Ezequiel Carino, bought two rifles on Ibarra-Moraga's behalf, and was paid $100 to $200 plus food for each transaction; he admitted that he believed that Ibarra-Moraga was from Mexico. PSR ¶ 27. In September 2022, after pleading guilty to Count 2, Carino was sentenced to 36 months' probation. Doc. 116.

Defendant's conduct is nearly identical to Carino's, except that Defendant was involved in the straw purchasing of one firearm only, for which he was paid $800.

Based on these considerations, the United States respectfully submits that a sentence of two years of probation is necessary to avoid a sentencing disparity.

### 4.    Adequate Deterrence

Under § 3553(a)(2)(B), the sentence must "afford adequate deterrence to criminal conduct." Defendant's sentence must be sufficient to deter Defendant and other straw purchasers from knowingly and intentionally undermining the Act. The United States submits that a sentence of two years of probation is sufficient but not greater than necessary to do so.

### 5.    Protecting the Public

Section 3553(a)(2)(C) also requires the Court to consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. In evaluating this factor, the Court should give significant consideration to the negative impact that Defendant's conduct has had on the citizens of Arizona and Mexico. Based on Defendant's conduct and the goals of the Gun Control Act, and the other factors discussed in this memorandum, the United States believes that a sentence of two years of probation is sufficient but not greater than necessary to protect the public from Defendant's future crimes.

### 6.    Providing Needed Correctional Treatment

Finally, pursuant to § 3553(a)(2)(D), the Court must consider the need for the sentence imposed to provide Defendant with necessary and effective educational or vocational training, medical care, or other correctional treatment. The record indicates that Defendant will benefit from continued substance abuse treatment during a term of probation.

## III.    CONCLUSION

The United States recommends that Defendant receive a sentence of two years of probation.

Respectfully submitted this 13th day of July, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Peter S. Kozinets*
PETER S. KOZINETS
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of July, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Molly Brizgys, *Attorney for defendant*


_s/Brian Wolfe_
U.S. Attorney's Office

- 8 -